1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDREW R. LIVINGSTON (SBN 148646)
alivingston@orrick.com
RACHEL CAPLER (SBN 307582)
rcapler@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  +1 415 773 5700
Facsimile:  +1 415 773 5759

Attorneys for Defendant
MORGAN STANLEY SMITH BARNEY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WATTERS an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. <u>3:22-cv-2912</u><br><br>[Sonoma County Superior Court Case No. SCV-270269]<br><br>**DEFENDANT MORGAN STANLEY SMITH BARNEY LLC'S NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Morgan Stanley Smith Barney LLC ("MSSB") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), and 1446(b) to effect removal of the above-captioned action, which was commenced in the Superior Court of the State of California for the County of Sonoma.  The removal is proper for the reasons stated below.

**I.   BACKGROUND**

1.    On February 24, 2022, Plaintiff Dawn Watters, individually and purportedly on behalf of all others similarly situated, filed a Complaint in the Superior Court of California for the County of Sonoma, entitled *Dawn Watters v. Morgan Stanley Smith Barney LLC*, Case No. SCV-270269.  The allegations in the Complaint are incorporated by reference in this Notice of Removal without admitting any of them.

2.    Plaintiff brings various wage-and-hour claims stemming from her employment with MSSB.  The Complaint asserts causes of action on a putative class basis for: (1) unfair competition in violation of the California Business & Professions Code section 17200 *et seq.*; (2) failure to pay minimum wages in violation of Labor Code sections 1194, 1197, and 1197.1; (3) failure to pay overtime wages in violation of Labor Code section 510; (4) failure to provide required meal periods in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order; (5) failure to provide required rest breaks in violation of California Labor Code sections 226.7 and 512 and the applicable IWC Wage Order; (6) failure to provide accurate itemized wage statements in violation of Labor Code section 226; (7) failure to reimburse employees for necessary business expenses in violation of Labor Code section 2802; and (8) failure to pay wages when due in violation of Labor Code sections 201, 202, and 203.

3.      Plaintiff brings these claims on behalf of herself and all individuals who are or previously were employed by MSSB in California and classified as non-exempt from February 24, 2018 through a date the Court determines.  (Compl. ¶ 4.)

4.      Plaintiff alleges that she and the putative class members were required to work off-the-clock during their unpaid meal periods, were not paid for time spent undergoing mandatory drug testing, and were not paid for time spent undergoing any other testing and/or examination required as a condition of employment. (Compl. ¶8.)  Plaintiff further alleges that MSSB has a company policy and procedure of rounding the time that Plaintiff and the putative class members worked and recorded, and that this rounding was "always" to MSSB's benefit. (Compl. ¶ 8.)  Plaintiff claims that as a result of these practices, she and the putative class members are owed minimum and overtime wages.

5.      Plaintiff alleges that MSSB failed to include non-discretionary incentive payments that she and the putative class members received when it calculated the regular rate of pay for the purposes of paying overtime wages, paid sick leave, meal break premiums, and rest break premiums.  (Compl. ¶¶ 10, 17-20.)

6.      Plaintiff alleges that she and the putative class members were not provided legally compliant meal breaks before the end of their first five hours of work, nor were they provided legally compliant second meal breaks before the end of their tenth hour of work on days where they worked more than ten hours. (Compl. ¶ 11.)  Plaintiff further alleges MSSB had a practice of rounding meal period times to avoid paying meal break penalties to her and the putative class members.  (Compl. ¶ 11.)

7.      Plaintiff alleges she and the putative class members were not provided legally compliant rest periods at the required intervals and were not paid rest break premiums for these noncompliant rest periods.  (Compl. ¶ 12.)  Plaintiff further alleges that she and the putative class never received compliant rest breaks because MSSB prohibited them from leaving the work premises during their rest periods.

(Compl. ¶ 12.)

8.     Plaintiff claims that, because of the foregoing wage and hour violations, she and the putative class did not receive accurate wage statements as required under Labor Code section 226.  (Compl. ¶ 14.)  Plaintiff further contends that all wage statements that MSSB issued to her and the putative class members violated Section 226 because they did not show all of the information as required in Section 226(a); specifically, the wage statements did not include the hourly rate and total hours worked for the "Salary Non-Exempt" and "Regular Retro" wage payments.  (Compl. ¶ 14.)

9.     Plaintiff alleges that MSBB, as a pattern and practice, regularly failed to pay Plaintiff and the putative class members all wages due at the time of their termination, and therefore each separated putative class member is owed waiting time penalties equaling 30 days of wages under Labor Code section 203. (Compl. ¶¶ 20, 107-14.)

10.     Plaintiff alleges that MSBB made unlawful deductions from her wages and from the putative class members' wages.  (Compl. ¶ 21.)

11.     Plaintiff alleges she and the putative class members were not reimbursed for all necessary business expenses, including the costs associated with the use of their personal cell phones and personal home offices.  (Compl. ¶¶ 22-23.)

**II.     REMOVAL IS TIMELY**

12.     On April 15, 2022, MSSB was served a copy of the Summons and Complaint.

13.     This Notice of Removal is timely under any removal time period.  *See* 28 U.S.C. § 1446(b); *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d, 1041 (N.D. Cal. 2018) (Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period).

//

//

1  **III.    JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT**

2         14.     The Court has original jurisdiction under the Class Action Fairness Act

3  of 2005, codified in 28 U.S.C. § 1332(d).  As set forth below, this action is

4  removable pursuant to 28 U.S.C. § 1441(a) because it is a class action in which at

5  least one class member is a citizen of a state different from that of any one

6  defendant, the proposed class exceeds 100 members, and the amount in controversy

7  exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2)(A).

8         **A.    Minimal Diversity is Satisfied**

9         15.    CAFA's diversity requirement is satisfied here because at least one

10  plaintiff is a citizen of a state in which none of the defendants are citizens.  *See* 28

11  U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any

12  member of a class of plaintiffs is a citizen of a State different from any defendant").

13        16.    MSSB's Citizenship.  MSSB is now, and has been since the

14  commencement of this action, a limited liability company consisting of one

15  member, Morgan Stanley Domestic Holdings, Inc., which is a Delaware

16  corporation with its principal place of business in New York.  For diversity

17  purposes, the citizenship of an LLC is determined by examining the citizenship of

18  each member of the company.  *Johnson v. Columbia Properties Anchorage, LP*,

19  437 F.3d 894, 899 (9th Cir. 2006).  Thus, MSSB is a citizen of New York and

20  Delaware.

21        17.    Plaintiff's and the Putative Class's Citizenship.  Plaintiff alleges she

22  was employed by MSSB in the State of California from 1991 to July 2021.

23  (Compl. ¶ 3.)  MSSB's corporate records reflect that throughout Plaintiff's

24  employment at MSSB or its predecessor, her home address for payroll purposes

25  was in the State of California.  (Burns Decl. ¶ 3.)  MSSB's human capital

26  management software, Workday, shows that effective July 31, 2021, Plaintiff's

27  address was in the State of Idaho.  (Burns Decl. ¶ 3.)  For diversity purposes, an

28  individual is a citizen of the state in which he is domiciled.  *Boon v. Allstate Ins.*

*Co.,* 229 F. Supp. 2d 1016, 1019 (C.D. Cal. Oct. 3, 2002) (citing *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)).  Domicile is determined by an individual's residence and intent to remain indefinitely.  *Boon*, 229 F. Supp. 2d at 1019.  Place of employment is an important factor weighing in favor of citizenship. *See, e.g.*, *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  Thus, MSSB is informed and believes, and on that basis alleges, that Plaintiff is now, and has been since the commencement of this action, either a citizen of the State of California or a citizen of the State of Idaho.  MSSB is further informed and believes, and on that basis alleges, that the putative class—defined as current and former non-exempt employees in the State of California—is primarily comprised of citizens of the State of California.  *See Ehrman v. Cox Comms., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (holding that, when removing a case pursuant to CAFA, a defendant's allegations of citizenship may be based solely on information and belief and need not contain evidentiary submissions).

18.   <u>Doe Defendants' Citizenship</u>.  The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(b)(1) (". . . citizenship of defendants sued under fictitious names shall be disregarded").

### **B.  The Putative Class Exceeds 100 Members**

19.   CAFA's requirement that proposed class members be no less than 100 is satisfied here.  *See* 28 U.S.C. § 1332(d)(5)(B).

20.   Plaintiff defines the putative class as herself and all individuals who are or previously were employed by MSSB in California and classified as non-exempt for the period beginning on February 24, 2018 through a date the Court determines. (Compl. ¶ 4.)

21.   MSSB's records show there are at least 2,776 individuals who are or were employed by MSSB in California and classified as non-exempt for the period beginning on February 24, 2018 through May 11, 2022.  (Burns Decl. ¶ 4.)

1

### C.    The Amount in Controversy Exceeds $5 Million

2      22.    The amount in controversy in this proposed class action exceeds, in the

3  aggregate, $5,000,000, exclusive of interest and costs.  The Complaint does not

4  state the amount on controversy, and Plaintiff's vague and conclusory allegation

5  that the amount in controversy does not exceed $5,000,000 must be ignored.  *See,*

6  *e.g.*, *Arias v. Residence Inn by Mariott*, 936 F.3d 920, 928-29 (9th Cir. 2019)

7  (vacating a remand order and recognizing that courts must ignore pre-class

8  certification stipulations when assessing the amount in controversy under CAFA)

9  (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) (holding that a

10 plaintiff's stipulation in a proposed class action complaint that the amounts at issue

11 do not exceed $5,000,000 in order to fall below the federal jurisdictional

12 requirement must be ignored because a plaintiff cannot bind an absent class)).

13     23.    MSSB denies Plaintiff's claims in their entirety and denies that they

14 are amenable to class treatment, but provides the following analysis of potential

15 damages (without admitting liability) based solely on the allegations in the

16 Complaint in order to demonstrate that the Complaint puts a sufficient amount "in

17 controversy" to warrant removal under 28 U.S.C. § 1332(d).  MSSB relies on a

18 conservative estimate of the amount in controversy based only on damages sought

19 by Plaintiff for two of eight causes of action: the alleged rest break violations and

20 waiting time penalties.

21     24.    Unpaid Rest Break Premiums.  In her Fifth cause of action, Plaintiff

22 alleges that MSSB maintains an unlawful policy that prohibits employees from

23 leaving the work premises during rest breaks.  (Compl. ¶ 12.)  Because of this

24 alleged unlawful policy, allegedly none of the rest breaks that MSSB provided to

25 Plaintiff and the putative class members complied with California law.  From

26 February 24, 2018 through May 11, 2022, non-exempt employees typically worked

27 full time schedules consisting of approximately 8 hours per day, 5 days a week, for

28 approximately 231,426 workweeks.  (Burns Decl. ¶ 4.)  As such, the amount in

controversy for Plaintiff's rest break claim is at least **$14,534,660**:

    a.  2018: $2,923,360 ($11 x 5 x 53,152)

    b.  2019: $3,885,180 ($12 x 5 x 64,753)

    c.  2020: $3,578,510 ($13 x 5 x 55,054)

    d.  2021: $3,323,810 ($14 x 5 x 47,483)

    e.  2022: $823,800 ($15 x 5 x 10,984)

25.   <u>Untimely Final Wages</u>.  In her Eighth cause of action, Plaintiff alleges that MSSB had a "pattern or practice" of not paying all wages due at termination and seeks 30 days of wages as waiting time penalties pursuant to Labor Code section 203.  (Compl. ¶¶ 20, 114.)  As of May 11, 2022, at least 728 putative class members have terminated their employment since February 24, 2018. Conservatively using the applicable minimum wage in effect at the time of each employee's termination, the amount in controversy for Plaintiff's waiting time penalties claim is at least **$2,211,360**:

    a.  2018: $477,840 ($11 x 8 x 30 x 181)

    b.  2019: $512,640 ($12 x 8 x 30 x 178)

    c.  2020: $418,080 ($13 x 8 x 30 x 134)

    d.  2021: $604,800 ($14 x 8 x 30 x 180)

    e.  2022: $198,000 ($15 x 8 x 30 x 55)

(Burns Decl. ¶ 5.)

26.   <u>Attorneys' Fees</u>.  Attorneys' fees must be included in determining whether the amount in controversy is satisfied, which in the Ninth Circuit typically is 25% of any judgment in favor of the plaintiff.  *See, e.g.*, *Altamirano v. Shaw Industries, Inc.*, 2013 WL 2950600, at *13 (N.D. Cal., June 14, 2013) (for CAFA amount in controversy, adding 25% of the amount in controversy on the claims for relief to account for attorneys' fees).  Here, including potential attorneys' fees would increase the amount in controversy by **$4,186,505** ($16,746,020 amount in controversy x .25).

27. <u>Total Amount in Controversy</u>. Based on the above conservative calculations, the amount in controversy for just Plaintiff's final pay claim and rest break claim as alleged is **$20,932,525**.

## IV. VENUE IS PROPER

28. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c)(2). This action was originally brought in the Superior Court of the State of California, County of Sonoma, which is embraced by the Northern District of California.

## V. NOTICE OF REMOVAL

29. In compliance with 28 U.S.C. § 1446(a), attached hereto as exhibits are copies of the following papers filed in the Sonoma County Superior Court:

a. **<u>Exhibit A</u>**: Summons and Complaint;

b. **<u>Exhibit B</u>**: Defendant's Answer; and

c. **<u>Exhibit C</u>**: Plaintiff's Request for Dismissal of Class Action Without Prejudice, the Declaration of Charlotte James in Support of Plaintiff's Request for Dismissal of Class Action Without Prejudice, and Plaintiff's [Proposed] Order Granting Plaintiff's Request for Dismissal of Class Action Without Prejudice.

30. This Notice of Removal shall be served promptly on Plaintiff's Counsel of Record and filed with the Clerk of the Superior Court of the State of California in and for the County of Sonoma.

Dated: May 16, 2022

ANDREW R. LIVINGSTON
RACHEL CAPLER
Orrick, Herrington & Sutcliffe LLP

By:_____
ANDREW R. LIVINGSTON
Attorneys for Defendant
MORGAN STANLEY SMITH
BARNEY LLC

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORGAN STANLEY SMITH BARNEY LLC, a Limited Liability
Company; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAWN WATTERS, an individual, on behalf of herself and on behalf of
all persons similarly situated,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**2/24/2022 10:16 AM**
**Arlene D. Junior, Clerk of the Court**
**By: Melisa Kennedy, Deputy Clerk**
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>
The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
Hall of Justice
600 Administration Drive, Room 107J, Santa Rosa, CA 95403
</td>
<td>
CASE NUMBER:
*(Número del Caso):*
SCV-270269
</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman B. Blumenthal     (Bar # 68687)                    Fax No.: (858) 551-1232
Blumenthal Nordrehaug Bhowmik De Blouw LLP               Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

DATE: 2/24/2022 10:16 AM     **ARLENE D. JUNIOR**     Clerk, by _____*Melisa Kennedy*_____, Deputy
*(Fecha)*                       *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*  MORGAN STANLEY SMITH BARNEY LLC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

1  **BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
2     Norman B. Blumenthal (State Bar #068687)
   Kyle R. Nordrehaug (State Bar #205975)
3     Aparajit Bhowmik (State Bar #248066)
   Nicholas J. De Blouw (State Bar #280922)
4     2255 Calle Clara
   La Jolla, CA 92037
5     Telephone: (858)551-1223
   Facsimile: (858) 551-1232
6     Website: www.bamlawca.com

7  Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California
County of Sonoma
2/24/2022 10:16 AM
Arlene D. Junior, Clerk of the Court
By: Melisa Kennedy, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SONOMA**

| | |
|---|---|
| DAWN WATTERS, an individual, on behalf of herself and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>MORGAN STANLEY SMITH BARNEY LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. SCV-270269 <br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE § 510;<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802; and,<br>8. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.<br><br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiff Dawn Watters ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees alleges on information and belief, except for her own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant Morgan Stanley Smith Barney LLC ("DEFENDANT") is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.      DEFENDANT is a brokerage firm and investment advisor.

3.      PLAINTIFF was employed by DEFENDANT in California from 1991 to July of 2021 and was at all times classified by DEFENDANT as a non-exempt employee entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of herself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and

the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

6.     The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

7.     The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

## THE CONDUCT

8.     Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT requires PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control. Among other things, DEFENDANT requires PLAINTIFF to

1   work while clocked out during what is supposed to be PLAINTIFF's off-duty meal break.
2   PLAINTIFF is from time to time interrupted by work assignments while clocked out for what
3   should be PLAINTIFF's off-duty meal break.   PLAINTIFF and CALIFORNIA CLASS
4   Members also worked off the clock with respect to time spent undergoing mandatory drug
5   testing or any other testing and/or examination required as a condition of employment.
6   DEFENDANT, as a matter of established company policy and procedure, administers a uniform
7   practice of rounding the actual time worked and recorded by PLAINTIFF and CALIFORNIA
8   CLASS Members, always to the benefit of DEFENDANT, so that during the course of their
9   employment, PLAINTIFF and CALIFORNIA CLASS Members are paid less than they would
10  have been paid had they been paid for actual recorded time rather than "rounded" time.   As a
11  result, PLAINTIFF and other CALIFORNIA CLASS Members forfeit minimum wage,
12  overtime wage compensation, and off-duty meal breaks by working without their time being
13  correctly recorded and without compensation at the applicable rates.   DEFENDANT's policy
14  and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time
15  worked, is evidenced by DEFENDANT's business records.

16      9.      State and federal law provides that employees must be paid overtime and meal and
17  rest break premiums at one-and-one-half times their "regular rate of pay."   PLAINTIFF and
18  other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that
19  is tied to specific elements of an employee's performance.

20      10.     The second component of PLAINTIFF's and other CALIFORNIA CLASS
21  Members' compensation is DEFENDANT's non-discretionary incentive program that paid
22  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their
23  performance for DEFENDANT.   The non-discretionary incentive program provided all
24  employees paid on an hourly basis with incentive compensation when the employees met the
25  various performance goals set by DEFENDANT. However, when calculating the regular rate
26  of pay in order to pay overtime and meal and rest break premiums to PLAINTIFF and other
27  CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation
28  as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and

meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premiums to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

11.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work. DEFENDANT also engaged in the practice of rounding the meal period times to avoid paying penalties to PLAINTIFF and other CALIFORNIA CLASS Members. PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

12.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California

Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control. In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period. Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back. Here, DEFENDANT's policy restricted PLAINTIFF and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFF and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

13. During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to accurately record and pay PLAINTIFF and other CALIFORNIA CLASS Members for the actual amount of time these employees worked. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT required these employees to work off the clock without paying them for all the time they were under DEFENDANT's control. As such, DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS were under compensated for all time worked. As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates. To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1.

14. From time to time, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which failed to show, among other things, the correct gross and net wages earned. Cal. Lab.

Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. DEFENDANT failed to list the hourly rate and total hours worked for the "Salary Non-Exempt" and "Regular Retro" wage payments in violation of Cal. Lab. Code 226(a)(9). Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*. As a result, DEFENDANT from time to time provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

15.    Cal. Lab. Code § 204(d) provides, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7) calendar days following the close of the payroll period. Cal. Lab. Code § 210 provides:

> [I]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections. . . .204. . .shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

16.    DEFENDANT from time to time failed to pay PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS Members within seven (7) days of the close of the payroll period in accordance with Cal. Lab. Code § 204(d), including but not limited to for the "Retro Pay" regular wage payments.

17.    DEFENDANT underpaid sick pay wages to PLAINTIFF and other CALIFORNIA CLASS Members by failing to pay such wages at the regular rate of pay in violation of Cal. Lab. Code Section 246.  Specifically, PLAINTIFF and other non-exempt employees earn non-discretionary remuneration.  Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick pay to PLAINTIFF and other CALIFORNIA CLASS Members at their base rates of pay.

18.    Cal. Lab. Code Section 246(l)(2) requires that paid sick time for nonexempt employees be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

19.    DEFENDANT violated Cal. Lab. Code Section 246 by failing to pay sick pay at the regular rate of pay. PLAINTIFF and CALIFORNIA CLASS Members routinely earned non-discretionary incentive wages which increased their regular rate of pay. However, when sick pay was paid, it was paid at the base rate of pay for PLAINTIFF and members of the CALIFORNIA CLASS, as opposed to the correct, higher regular rate of pay, as required under Cal. Lab. Code Section 246.

20.    As a pattern and practice, DEFENDANT regularly failed to pay PLAINTIFF and other members of the CALIFORNIA CLASS their correct wages and accordingly owe waiting time penalties pursuant to Cal. Lab. Code Section 203. Further, PLAINTIFF is informed and believes and based thereon alleges that such failure to pay sick pay at regular rate was willful, such that PLAINTIFF and members of the CALIFORNIA CLASS whose employment has separated are entitled to waiting time penalties pursuant to Cal. Lab. Code Sections 201-203.

21.    Pursuant to Cal. Lab. Code Section 221, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." DEFENDANT failed to pay all compensation due to PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members, made unlawful deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, failed to disclose all aspects of the deductions from compensation payable to PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members, and thereby failed to pay these employees all wages due at each applicable pay period and upon termination.  PLAINTIFF and members of the CALIFORNIA LABOR SUB-CLASS seek recovery of all illegal deductions from wages according to proof, related penalties, interest, attorney fees and costs.

22.    DEFENDANT intentionally and knowingly failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses

1  incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence

2  of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section

3  2802, employers are required to indemnify employees for all expenses incurred in the course

4  and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall

5  indemnify his or her employee for all necessary expenditures or losses incurred by the employee

6  in direct consequence of the discharge of his or her duties, or of his or her obedience to the

7  directions of the employer, even though unlawful, unless the employee, at the time of obeying

8  the directions, believed them to be unlawful."

9     23.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS

10  Members as a business expense, were required by DEFENDANT to use their own personal

11  cellular phones as a result of and in furtherance of their job duties as employees for

12  DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated

13  with the use of their personal cellular phones and personal home offices for DEFENDANT's

14  benefit. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required

15  by DEFENDANT to use their personal cellular phones and personal home offices. As a result,

16  in the course of their employment with DEFENDANT, PLAINTIFF and other members of the

17  CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not

18  limited to, costs related to the use of their personal cellular phones all on behalf of and for the

19  benefit of DEFENDANT.

20     24.    Specifically as to PLAINTIFF, DEFENDANT failed to provide all the legally

21  required off-duty meal and rest breaks to PLAINTIFF as required by the applicable Wage Order

22  and Labor Code and failed to pay PLAINTIFF all minimum and overtime wages due to

23  PLAINTIFF. DEFENDANT did not have a policy or practice which provided timely off-duty

24  meal and rest breaks to PLAINTIFF and also failed to compensate PLAINTIFF for

25  PLAINTIFF's missed meal and rest breaks. The nature of the work performed by the

26  PLAINTIFF did not prevent PLAINTIFF from being relieved of all of PLAINTIFF's duties for

27  the legally required off-duty meal periods. As a result, DEFENDANT's failure to provide

28  PLAINTIFF with the legally required meal periods is evidenced by DEFENDANT's business

1    records.   The amount in controversy for PLAINTIFF individually does not exceed the sum or

2    value of $75,000.

3                                **JURISDICTION AND VENUE**

4           25.    This Court has jurisdiction over this Action pursuant to California Code of Civil

5    Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This

6    action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees

7    of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

8           26.    Venue is proper in this Court pursuant to California Code of Civil Procedure,

9    Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and

10   DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities

11   in this County and/or conducts substantial business in this County, and (ii) committed the

12   wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

13

14                                **THE CALIFORNIA CLASS**

15          27.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive

16   Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

17   Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as

18   all individuals who are or previously were employed by DEFENDANT in California and

19   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the

20   period beginning four (4) years prior to the filing of this Complaint and ending on the date as

21   determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy

22   for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars

23   ($5,000,000.00).

24          28.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

25   CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

26   accordingly.

27          29.    DEFENDANT, as a matter of company policy, practice and procedure, and in

28

                                             10

violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFF and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

30.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.    This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

31.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

32.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

(b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the

11

1    CALIFORNIA CLASS with the legally required meal and rest periods.

2    33.    This Class Action meets the statutory prerequisites for the maintenance of a Class

3    Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

4    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

5    that the joinder of all such persons is impracticable and the disposition of

6    their claims as a class will benefit the parties and the Court;

7    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

8    that are raised in this Complaint are common to the CALIFORNIA

9    CLASS will apply to every member of the CALIFORNIA CLASS;

10    (c)    The claims of the representative PLAINTIFF are typical of the claims of

11    each member of the CALIFORNIA CLASS. PLAINTIFF, like all the

12    other members of the CALIFORNIA CLASS, was classified as a non-

13    exempt employee paid on an hourly basis who was subjected to the

14    DEFENDANT's deceptive practice and policy which failed to provide the

15    legally required meal and rest periods to the CALIFORNIA CLASS and

16    thereby underpaid compensation to PLAINTIFF and CALIFORNIA

17    CLASS.    PLAINTIFF sustained economic injury as a result of

18    DEFENDANT's employment practices. PLAINTIFF and the members of

19    the CALIFORNIA CLASS were and are similarly or identically harmed

20    by the same unlawful, deceptive and unfair misconduct engaged in by

21    DEFENDANT; and,

22    (d)    The representative PLAINTIFF will fairly and adequately represent and

23    protect the interest of the CALIFORNIA CLASS, and has retained

24    counsel who are competent and experienced in Class Action litigation.

25    There are no material conflicts between the claims of the representative

26    PLAINTIFF and the members of the CALIFORNIA CLASS that would

27    make class certification inappropriate.  Counsel for the CALIFORNIA

28    CLASS will vigorously assert the claims of all CALIFORNIA CLASS

1    Members.

2    34.    In addition to meeting the statutory prerequisites to a Class Action, this action is

3    properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

4    (a)    Without class certification and determination of declaratory, injunctive,

5    statutory and other legal questions within the class format, prosecution of

6    separate actions by individual members of the CALIFORNIA CLASS will

7    create the risk of:

8    1)    Inconsistent or varying adjudications with respect to individual

9    members of the CALIFORNIA CLASS which would establish

10    incompatible standards of conduct for the parties opposing the

11    CALIFORNIA CLASS; and/or,

12    2)    Adjudication with respect to individual members of the

13    CALIFORNIA CLASS which would as a practical matter be

14    dispositive of interests of the other members not party to the

15    adjudication or substantially impair or impede their ability to

16    protect their interests.

17    (b)    The parties opposing the CALIFORNIA CLASS have acted or refused to

18    act on grounds generally applicable to the CALIFORNIA CLASS, making

19    appropriate class-wide relief with respect to the CALIFORNIA CLASS

20    as a whole in that DEFENDANT failed to pay all wages due to members

21    of the CALIFORNIA CLASS as required by law;

22    1)    With respect to the First Cause of Action, the final relief on behalf

23    of the CALIFORNIA CLASS sought does not relate exclusively to

24    restitution because through this claim PLAINTIFF seeks

25    declaratory relief holding that the DEFENDANT's policy and

26    practices constitute unfair competition, along with declaratory

27    relief, injunctive relief, and incidental equitable relief as may be

28    necessary to prevent and remedy the conduct declared to constitute

13

unfair competition;

(c) Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which

14

may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

35. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are applied with respect to the CALIFORNIA CLASS;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and

1    other improprieties, and in obtaining adequate compensation for the
2    damages and injuries which DEFENDANT's actions have inflicted upon
3    the CALIFORNIA CLASS;

4    (f)    There is a community of interest in ensuring that the combined assets of
5           DEFENDANT are sufficient to adequately compensate the members of
6           the CALIFORNIA CLASS for the injuries sustained;

7    (g)    DEFENDANT has acted or refused to act on grounds generally applicable
8           to the CALIFORNIA CLASS, thereby making final class-wide relief
9           appropriate with respect to the CALIFORNIA CLASS as a whole;

10   (h)    The members of the CALIFORNIA CLASS are readily ascertainable from
11          the business records of DEFENDANT; and,

12   (i)    Class treatment provides manageable judicial treatment calculated to bring
13          a efficient and rapid conclusion to all litigation of all wage and hour
14          related claims arising out of the conduct of DEFENDANT as to the
15          members of the CALIFORNIA CLASS.

16   36.    DEFENDANT maintains records from which the Court can ascertain and identify
17   by job title each of DEFENDANT's employees who have been intentionally subjected to
18   DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will
19   seek leave to amend the Complaint to include any additional job titles of similarly situated
20   employees when they have been identified.

21

22                          **THE CALIFORNIA LABOR SUB-CLASS**

23   37.    PLAINTIFF further brings the Second, Third, Fourth, Fifth, Sixth, Seventh and
24   Eighth causes Action on behalf of a California sub-class, defined as all members of the
25   CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California
26   and classified as non exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any
27   time during the period three (3) years prior to the filing of the complaint and ending on the date
28   as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant

to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

38.     DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

39.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

40.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

41.     Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

        (a)     Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

17

(b) Whether DEFENDANT failed to provide the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c) Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e) Whether DEFENDANT's conduct was willful.

42. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a) Violating Cal. Lab. Code § 510, by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b) Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d) Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

(e) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer

18

1     must pay the employee all wages due without abatement, by failing to
2     tender full payment and/or restitution of wages owed or in the manner
3     required by California law to the members of the CALIFORNIA LABOR
4     SUB-CLASS who have terminated their employment; and,

   (f) Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and
the CALIFORNIA LABOR SUB-CLASS members with necessary
expenses incurred in the discharge of their job duties.

43. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

   (a) The persons who comprise the CALIFORNIA LABOR SUB-CLASS are
so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS
Members is impracticable and the disposition of their claims as a class
will benefit the parties and the Court;

   (b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues
that are raised in this Complaint are common to the CALIFORNIA
LABOR SUB-CLASS and will apply to every member of the
CALIFORNIA LABOR SUB-CLASS;

   (c) The claims of the representative PLAINTIFF are typical of the claims of
each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF,
like all the other members of the CALIFORNIA LABOR SUB-CLASS,
was a non-exempt employee paid on an hourly basis who was subjected
to the DEFENDANT's practice and policy which failed to pay the correct
amount of wages due to the CALIFORNIA LABOR SUB-CLASS.
PLAINTIFF sustained economic injury as a result of DEFENDANT's
employment practices.   PLAINTIFF and the members of the
CALIFORNIA LABOR SUB-CLASS were and are similarly or
identically harmed by the same unlawful, deceptive, and unfair
misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

44.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT fails to pay all wages due. Including the correct wages for

1      all time worked by the members of the CALIFORNIA LABOR SUB-

2      CLASS as required by law;

3      (c)    Common questions of law and fact predominate as to the members of the

4      CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

5      violations of California Law as listed above, and predominate over any

6      question affecting only individual CALIFORNIA LABOR SUB-CLASS

7      Members, and a Class Action is superior to other available methods for

8      the fair and efficient adjudication of the controversy, including

9      consideration of:

10      1)    The interests of the members of the CALIFORNIA LABOR SUB-

11      CLASS in individually controlling the prosecution or defense of

12      separate actions in that the substantial expense of individual

13      actions will be avoided to recover the relatively small amount of

14      economic losses sustained by the individual CALIFORNIA

15      LABOR SUB-CLASS Members when compared to the substantial

16      expense and burden of individual prosecution of this litigation;

17      2)    Class certification will obviate the need for unduly duplicative

18      litigation that would create the risk of:

19      A.    Inconsistent or varying adjudications with respect to

20      individual members of the CALIFORNIA LABOR SUB-

21      CLASS, which would establish incompatible standards of

22      conduct for the DEFENDANT; and/or,

23      B.    Adjudications with respect to individual members of the

24      CALIFORNIA LABOR SUB-CLASS would as a practical

25      matter be dispositive of the interests of the other members

26      not parties to the adjudication or substantially impair or

27      impede their ability to protect their interests;

28      3)    In the context of wage litigation because a substantial number of

1    individual CALIFORNIA LABOR SUB-CLASS Members will
2    avoid asserting their legal rights out of fear of retaliation by
3    DEFENDANT, which may adversely affect an individual's job
4    with DEFENDANT or with a subsequent employer, the Class
5    Action is the only means to assert their claims through a
6    representative; and,

7    4)   A class action is superior to other available methods for the fair
8    and efficient adjudication of this litigation because class treatment
9    will obviate the need for unduly and unnecessary duplicative
10    litigation that is likely to result in the absence of certification of
11    this action pursuant to Cal. Code of Civ. Proc. § 382.

12    45.    This Court should permit this action to be maintained as a Class Action pursuant
13    to Cal. Code of Civ. Proc. § 382 because:

14    (a)   The questions of law and fact common to the CALIFORNIA LABOR
15    SUB-CLASS predominate over any question affecting only individual
16    CALIFORNIA LABOR SUB-CLASS Members;

17    (b)   A Class Action is superior to any other available method for the fair and
18    efficient adjudication of the claims of the members of the CALIFORNIA
19    LABOR SUB-CLASS because in the context of employment litigation a
20    substantial number of individual CALIFORNIA LABOR SUB-CLASS
21    Members will avoid asserting their rights individually out of fear of
22    retaliation or adverse impact on their employment;

23    (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so
24    numerous that it is impractical to bring all members of the CALIFORNIA
25    LABOR SUB-CLASS before the Court;

26    (d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS
27    Members, will not be able to obtain effective and economic legal redress
28    unless the action is maintained as a Class Action;

22

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who worked for DEFENDANT in California at any time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

### FIRST CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

46.   PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

1 Complaint.

2 47. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.
3 Code § 17021.

4 48. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines
5 unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section
6 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair
7 competition as follows:

8 Any person who engages, has engaged, or proposes to engage in unfair
competition may be enjoined in any court of competent jurisdiction. The court
9 may make such orders or judgments, including the appointment of a receiver, as
may be necessary to prevent the use or employment by any person of any practice
10 which constitutes unfair competition, as defined in this chapter, or as may be
necessary to restore to any person in interest any money or property, real or
11 personal, which may have been acquired by means of such unfair competition.

12 Cal. Bus. & Prof. Code § 17203.

13 49. By the conduct alleged herein, DEFENDANT has engaged and continues to
14 engage in a business practice which violates California law, including but not limited to, the
15 applicable Industrial Wage Order(s), the California Code of Regulations and the California
16 Labor Code including Sections 204, 210, 221, 226.7, 246, 510, 512, 1194, 1197, 1197.1, 1198,
17 2802 and the Fair Labor Standards Act and federal regulations promulgated thereunder, for
18 which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. &
19 Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute
20 unfair competition, including restitution of wages wrongfully withheld.

21 50. By the conduct alleged herein, DEFENDANT's practices were unlawful and
22 unfair in that these practices violate public policy, were immoral, unethical, oppressive,
23 unscrupulous or substantially injurious to employees, and were without valid justification or
24 utility for which this Court should issue equitable and injunctive relief pursuant to Section
25 17203 of the California Business & Professions Code, including restitution of wages wrongfully
26 withheld.

27 51. By the conduct alleged herein, DEFENDANT's practices were deceptive and
28 fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated

1   meal and rest periods, the required amount of compensation for missed meal and rest periods

2   and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse

3   al necessary business expenses incurred, and failed to provide Fair Labor Standards Act

4   overtime wages due for overtime worked as a result of failing to include non-discretionary

5   incentive compensation into their regular rates of pay for purposes of computing the proper

6   overtime pay due to a business practice that cannot be justified, pursuant to the applicable Cal.

7   Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§

8   17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant

9   to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

10      52.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

11   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

12   other members of the CALIFORNIA CLASS to be underpaid during their employment with

13   DEFENDANT.

14      53.   By the conduct alleged herein, DEFENDANT's practices were also unlawful,

15   unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide

16   all legally required meal breaks to PLAINTIFF and the other members of the CALIFORNIA

17   CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

18      54.   Therefore, PLAINTIFF demands on behalf of herself and on behalf of each

19   CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

20   meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay

21   for each workday in which a second off-duty meal period was not timely provided for each ten

22   (10) hours of work.

23      55.   PLAINTIFF further demands on behalf of herself and each member of the

24   CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off

25   duty paid rest period was not timely provided as required by law.

26      56.   By and through the unlawful and unfair business practices described herein,

27   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

28   other members of the CALIFORNIA CLASS, including earned wages for all time worked, and

1    has deprived them of valuable rights and benefits guaranteed by law and contract, all to the

2    detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT

3    to unfairly compete against competitors who comply with the law.

4          57.    All the acts described herein as violations of, among other things, the Industrial

5    Welfare Commission Wage Orders, the California Code of Regulations, and the California

6    Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

7    oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

8    deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

9          58.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

10   and do, seek such relief as may be necessary to restore to them the money and property which

11   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

12   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

13   unfair business practices, including earned but unpaid wages for all time worked.

14         59.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

15   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

16   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

17   engaging in any unlawful and unfair business practices in the future.

18         60.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

19   speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

20   of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

21   As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

22   other members of the CALIFORNIA CLASS have suffered and will continue to suffer

23   irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

24   engage in these unlawful and unfair business practices.

25   ///

26   ///

27   ///

28   ///

1

2

3

4

5

**SECOND CAUSE OF ACTION**

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

6   61.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

7   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

8   paragraphs of this Complaint.

9   62.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

10   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

11   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

12   accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

13   Members.

14   63.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

15   public policy, an employer must timely pay its employees for all hours worked.

16   64.   Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

17   commission is the minimum wage to be paid to employees, and the payment of a less wage than

18   the minimum so fixed in unlawful.

19   65.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

20   including minimum wage compensation and interest thereon, together with the costs of suit.

21   66.   DEFENDANT maintained a wage practice of paying PLAINTIFF and the other

22   members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

23   time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and

24   intentionally deny timely payment of wages due to PLAINTIFF and the other members of the

25   CALIFORNIA LABOR SUB-CLASS.

26   67.   DEFENDANT's unlawful wage and hour practices manifested, without

27   limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of

28   implementing a policy and practice that denies accurate compensation to PLAINTIFF and the

27

1  other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

2      68.    In committing these violations of the California Labor Code, DEFENDANT

3  inaccurately calculated the correct time worked and consequently underpaid the actual time

4  worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

5  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

6  benefits in violation of the California Labor Code, the Industrial Welfare Commission

7  requirements and other applicable laws and regulations.

8      69.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

9  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not

10  receive the correct minimum wage compensation for their time worked for DEFENDANT.

11      70.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

12  required, permitted or suffered PLAINTIFF and CALIFORNIA LABOR SUB-CLASS

13  Members to work without paying them for all the time they were under DEFENDANT's

14  control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other

15  members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they

16  were entitled to, constituting a failure to pay all earned wages.

17      71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

18  compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

19  CLASS for the true time they worked, PLAINTIFF and the other members of the

20  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

21  injury in amounts which are presently unknown to them and which will be ascertained

22  according to proof at trial.

23      72.    DEFENDANT knew or should have known that PLAINTIFF and the other

24  members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time

25  worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,

26  to not pay employees for their labor as a matter of company policy, practice and procedure, and

27  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members

28  of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

1   73.   In performing the acts and practices herein alleged in violation of California labor
2   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
3   all time worked and provide them with the requisite compensation, DEFENDANT acted and
4   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other
5   members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for
6   their legal rights, or the consequences to them, and with the despicable intent of depriving them
7   of their property and legal rights, and otherwise causing them injury in order to increase
8   company profits at the expense of these employees.

9   74.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
10   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as
11   well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
12   by the California Labor Code and/or other applicable statutes.  To the extent minimum wage
13   compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members
14   who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§
15   201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties
16   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
17   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein
18   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA
19   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

20
21   **THIRD CAUSE OF ACTION**
22   **For Failure To Pay Overtime Compensation**
23   **[Cal. Lab. Code § 510]**
24   **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
25   **Defendants)**

26   75.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
27   reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs
28   of this Complaint.

76. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

77. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

78. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

79. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

80. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

81. DEFENDANT's unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

82.   In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

83.   As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

84.   Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law. None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint. Rather, PLAINTIFF brings this Action on behalf of herself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

85.   During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages..

86.   DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as evidenced by DEFENDANT's business records and witnessed by employees.

87.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned

31

1   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
2   CLASS for the true amount of time they worked, PLAINTIFF and the other members of the
3   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
4   injury in amounts which are presently unknown to them and which will be ascertained
5   according to proof at trial.

6       88.    DEFENDANT knew or should have known that PLAINTIFF and the other
7   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime
8   worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,
9   to not pay employees for their labor as a matter of company policy, practice and procedure, and
10  DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFF and the other members
11  of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

12      89.    In performing the acts and practices herein alleged in violation of California labor
13  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
14  all overtime worked and provide them with the requisite overtime compensation, DEFENDANT
15  acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and
16  the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
17  disregard for their legal rights, or the consequences to them, and with the despicable intent of
18  depriving them of their property and legal rights, and otherwise causing them injury in order
19  to increase company profits at the expense of these employees.

20      90.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
21  therefore request recovery of all overtime wages, according to proof, interest, statutory costs,
22  as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
23  by the California Labor Code and/or other applicable statutes. To the extent minimum and/or
24  overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS
25  Members who have terminated their employment, DEFENDANT's conduct also violates Labor
26  Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time
27  penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
28  CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein

1  was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

2  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### FOURTH CAUSE OF ACTION

#### For Failure to Provide Required Meal Periods

#### [Cal. Lab. Code §§ 226.7 & 512 ]

#### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

91.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

92.    During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from time to time not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records from time to time.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period in some workdays in which these employees were required by DEFENDANT to work ten (10) hours of work from time to time.  As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

93.    DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

33

1  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-
2  CLASS Members who were not provided a meal period, in accordance with the applicable
3  Wage Order, one additional hour of compensation at each employee's regular rate of pay for
4  each workday that a meal period was not provided.

5      94.    As a proximate result of the aforementioned violations, PLAINTIFF and
6  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according
7  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
8  suit.

9

10               **FIFTH CAUSE OF ACTION**
11            **For Failure to Provide Required Rest Periods**
12               **[Cal. Lab. Code §§ 226.7 & 512 ]**
13      **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**
14                      **Defendants)**

15      95.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
16  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
17  of this Complaint.

18      96.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were from
19  time to time required to work in excess of four (4) hours without being provided ten (10) minute
20  rest periods.  Further, these employees from time to time were denied their first rest periods of
21  at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and
22  second rest period of at least ten (10) minutes for some shifts worked of between six (6) and
23  eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some
24  shifts worked of ten (10) hours or more from time to time. PLAINTIFF and other
25  CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages
26  in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other
27  CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest
28  periods by DEFENDANT and DEFENDANT's managers.

1     97.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable

2   IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

3   CLASS Members who were not provided a rest period, in accordance with the applicable Wage

4   Order, one additional hour of compensation at each employee's regular rate of pay for each

5   workday that rest period was not provided.

6     98.    As a proximate result of the aforementioned violations, PLAINTIFF and

7   CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

8   to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

9   suit.

10              **SIXTH CAUSE OF ACTION**

11        **For Failure to Provide Accurate Itemized Statements**

12                 **[Cal. Lab. Code § 226]**

13    **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

14                     **Defendants)**

15     99.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

16   CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

17   paragraphs of this Complaint.

18     100.    Cal. Labor Code § 226 provides that an employer must furnish employees with

19   an "accurate itemized" statement in writing showing:

20        (1) gross wages earned,
            (2) total hours worked by the employee, except for any employee whose

21        compensation is solely based on a salary and who is exempt from payment of
            overtime under subdivision (a) of Section 515 or any applicable order of the

22        Industrial Welfare Commission,
            (3) the number of piecerate units earned and any applicable piece rate if the employee

23        is paid on a piece-rate basis,
            (4) all deductions, provided that all deductions made on written orders of the

24        employee may be aggregated and shown as one item,
            (5) net wages earned,

25        (6) the inclusive dates of the period for which the employee is paid,
            (7) the name of the employee and his or her social security number, except that by

26        January 1, 2008, only the last four digits of his or her social security number or an
            employee identification number other than a social security number may be shown on

27        the itemized statement,
            (8) the name and address of the legal entity that is the employer, and

28        (9) all applicable hourly rates in effect during the pay period and the corresponding

1    number of hours worked at each hourly rate by the employee.

2    101.   From time to time, DEFENDANT also failed to provide PLAINTIFF and the

3    other members of  the CALIFORNIA LABOR SUB-CLASS with complete and accurate

4    wage statements which failed to show, among other things, the correct gross and net wages

5    earned.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

6    employees with an accurate itemized wage statement in writing showing, among other

7    things, gross wages earned and all applicable hourly rates in effect during the pay period and

8    the corresponding amount of time worked at each hourly rate. DEFENDANT failed to list

9    the hourly rate and total hours worked for the "Salary Non-Exempt" and "Regular Retro"

10   wage payments in violation of Cal. Lab. Code 226(a)(9). Aside, from the violations listed

11   above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage

12   statement that lists all the requirements under California Labor Code 226 *et seq*. As a result,

13   DEFENDANT from time to time provided PLAINTIFF and the other members of the

14   CALIFORNIA LABOR SUB-CLASS with wage statements which violated Cal. Lab. Code

15   § 226.

16   102.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

17   Code § 226, causing injury and damages to PLAINTIFF and the other members of the

18   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

19   expended calculating the correct wages for all missed meal and rest breaks and the amount

20   of employment taxes which were not properly paid to state and federal tax authorities.

21   These damages are difficult to estimate.  Therefore, PLAINTIFF and the other members of

22   the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

23   dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

24   dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

25   226, in an amount according to proof at the time of trial (but in no event more than four

26   thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the

27   CALIFORNIA LABOR SUB-CLASS herein).

28   ///

1

## SEVENTH CAUSE OF ACTION

2

### For Failure to Reimburse Employees for Required Expenses

3

### [Cal. Lab. Code § 2802]

4

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

5

### Defendants)

6          103.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

7    reallege and incorporate by this reference, as though fully set forth herein, the prior

8    paragraphs of this Complaint.

9          104.    Cal. Lab. Code § 2802 provides, in relevant part, that:

10         An employer shall indemnify his or her employee for all necessary
           expenditures or losses incurred by the employee in direct consequence of the
11         discharge of his or her duties, or of his or her obedience to the directions of
           the employer, even though unlawful, unless the employee, at the time of
12         obeying the directions, believed them to be unlawful.

13         105.    At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802,

14   by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

15   CLASS members for required expenses incurred in the discharge of their job duties for

16   DEFENDANT's benefit.  DEFENDANT failed to reimburse PLAINTIFF and the

17   CALIFORNIA LABOR SUB-CLASS members for expenses which included, but were not

18   limited to, costs related to using their personal cellular phones on behalf of and for the

19   benefit of DEFENDANT.  Specifically, PLAINTIFF and other CALIFORNIA LABOR

20   SUB-CLASS Members were required by DEFENDANT to use their personal cellular

21   phones and personal home offices in order to perform work related job tasks.

22   DEFENDANT's policy and practice was to not reimburse PLAINTIFF and the

23   CALIFORNIA LABOR SUB-CLASS members for expenses resulting from using their

24   personal cellular phones for DEFENDANT within the course and scope of their employment

25   for DEFENDANT.  These expenses were necessary to complete their principal job duties.

26   DEFENDANT is estopped  by DEFENDANT's conduct to assert any waiver of this

27   expectation.  Although these expenses were necessary expenses incurred by PLAINTIFF

28

1 | and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify

2 | and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for

3 | these expenses as an employer is required to do under the laws and regulations of California.

4 |     106.   PLAINTIFF therefore demands reimbursement for expenditures or losses

5 | incurred by herself and the CALIFORNIA LABOR SUB-CLASS members in the discharge

6 | of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

7 | with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

8

### EIGHTH CAUSE OF ACTION

9

**For Failure to Pay Wages When Due**

10

**[ Cal. Lab. Code §§ 201, 202, 203]**

11

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

12

**and Against All Defendants)**

13

107.   PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

14

CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

15

paragraphs of this Complaint.

16

108.   Cal. Lab. Code § 200 provides, in relevant part, that:

17 | As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of

18 | every description, whether the amount is fixed or ascertained by the
standard of time, task, piece, Commission basis, or other method of calculation.

19 | (b) "Labor" includes labor, work, or service whether rendered or
performed under contract, subcontract, partnership, station plan, or other

20 | agreement if the labor to be paid for is performed personally by the person
demanding payment.

21

109.   Cal. Lab. Code § 201 provides, in relevant part, "that If an employer

22

discharges an employee, the wages earned and unpaid at the time of discharge are due and

23

payable immediately."

24

110.   Cal. Lab. Code § 202 provides, in relevant part, that:

25

26 | If an employee not having a written contract for a definite period quits his
or her employment, his or her wages shall become due and payable not
later than 72 hours thereafter, unless the employee has given 72 hours

27 | previous notice of his or her intention to quit, in which case the employee
is entitled to his or her wages at the time of quitting. Notwithstanding any

28 | other provision of law, an employee who quits without providing a 72-

1   hour notice shall be entitled to receive payment by mail if he or she so
    requests and designates a mailing address. The date of the mailing shall
2   constitute the date of payment for purposes of the requirement to provide
    payment within 72 hours of the notice of quitting.
3
    111.   There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR
4
    SUB-CLASS Members' employment contract.
5
    112.   Cal. Lab. Code § 203 provides, in relevant part, that:
6
    If an employer willfully fails to pay, without abatement or reduction, in
7   accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
    employee who is discharged or who quits, the wages of the employee shall
8   continue as a penalty from the due date thereof at the same rate until paid
    or until an action therefor is commenced; but the wages shall not continue
9   for more than 30 days.

10  113.   The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-

11  CLASS Members has terminated and DEFENDANT has not tendered payment of all wages

12  owed as required by law.

13  114.   Therefore, as provided by Cal Lab. Code § 203, on behalf of herself and the

14  members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated

15  and who have not been fully paid their wages due to them, PLAINTIFF demands thirty days

16  of pay as penalty for not paying all wages due at time of termination for all employees who

17  terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and

18  demands an accounting and payment of all wages due, plus interest and statutory costs as

19  allowed by law.

20
                                **PRAYER FOR RELIEF**
21
        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and
22
    severally, as follows:
23
    1.   On behalf of the CALIFORNIA CLASS:
24
        A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA
25
             CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;
26
        B)   An order temporarily, preliminarily and permanently enjoining and restraining
27
             DEFENDANT from engaging in similar unlawful conduct as set forth herein;
28
                                        39

1    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfuly

2         withheld from compensation due to PLAINTIFF and the other members of the

3         CALIFORNIA CLASS; and,

4    D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

5         for restitution of the sums incidental to DEFENDANT's violations due to

6         PLAINTIFF and to the other members of the CALIFORNIA CLASS.

7  2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

8    A)   That the Court certify the Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth

9         Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class

10        action pursuant to Cal. Code of Civ. Proc. § 382;

11   B)   Compensatory damages, according to proof at trial, including compensatory

12        damages for minimum and overtime compensation due PLAINTIFF and the other

13        members of the CALIFORNIA LABOR SUB-CLASS, during the applicable

14        CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the

15        statutory rate;

16   C)   The greater of all actual damages or fifty dollars ($50) for the initial pay period

17        in which a violation occurs and one hundred dollars ($100) per each member of

18        the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

19        period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

20        an award of costs for violation of Cal. Lab. Code § 226;

21   D)   Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and

22        the applicable IWC Wage Order;

23   E)   For liquidated damages pursuant to California Labor Code Sections 1194.2 and

24        1197;

25   F)   The amount of the expenses PLAINTIFF and each member of the CALIFORNIA

26        LABOR SUBCLASS incurred in the course of their job duties, plus interest, and

27        costs of suit.; and,

28   G)   The wages of all terminated employees in the CALIFORNIA LABOR

40

1     SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

2     until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

3  3.    On all claims:

4     A)    An award of interest, including prejudgment interest at the legal rate;

5     B)    Such other and further relief as the Court deems just and equitable; and,

6     C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

7        law, including, but not limited to, pursuant to Labor Code §221, §226, §1194,

8        and/or §2802.

9  Dated: February 23, 2022       BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

10

11

12                        By:    /s/ Nicholas De Blouw

13                            Nicholas J. De Blouw
                             Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR A JURY TRIAL**

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated: February 23, 2022          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

By: ___/s/ Nicholas De Blouw___
          Nicholas J. De Blouw
          Attorneys for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>CIVIL DIVISION<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>http://www.sonoma.courts.ca.gov | (FOR COURT USE ONLY)<br><br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**2/24/2022 10:16 AM**<br>**Arlene D. Junior, Clerk of the Court**<br>**By: Melisa Kennedy, Deputy Clerk** |
|---|---|
| Watters    v.   Morgan Stanley Smith Barney LLC | |
| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,<br>NOTICE OF CASE MANAGEMENT CONFERENCE,<br>and ORDER TO SHOW CAUSE** | Case number:<br><br>SCV-270269 |

**A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT
AND WITH ANY CROSS-COMPLAINT**

**1. THIS ACTION IS ASSIGNED TO HON.**     Patrick Broderick       
**FOR ALL PURPOSES.**
Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.
    A Case Management Conference has been set at the time and place indicated below:

**Date:** 06/28/2022      **Time:** 3:00 PM      **Courtroom:** 17

**Location:** 3035 CLEVELAND AVE STE 200
SANTA ROSA, CA 95403

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://sonoma.courts.ca.gov/online-services/tentative-rulings.

### ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with the requirements stated in the California Rules of Court, rules 2.30, 3.110, and/or 3.720 through 3.771 inclusive, you must then and there show cause why this court should not impose monetary and/or terminating sanctions in this matter.

Pursuant to California Rule of Court, rule 3.221(b), information and forms related to Alternative Dispute Resolution are available on the Court's website at http://www.sonoma.courts.ca.gov/self-help/adr.

## ELECTRONIC SERVICE OF DOCUMENTS
### Enabled by Local Rule 18.16

Voluntary e-service is available in Sonoma County.  The Court has pre-approved a Stipulation for cases in which the attorneys or parties choose e-service. A copy of the Stipulation is available under the "Civil" section in the "Division" tab of the Court website: http://www.sonoma.courts.ca.gov. The advantages of e-service to the parties include:

| | |
|---|---|
| **SAVE MONEY** | Reduction in costs related to photocopying, retrieving, storing, messenger and postage fees. No special software is needed to use e-service |
| **SAVE TIME** | Instant service of your documents on all parties |
| **SAVE SPACE** | With 24/7 internet access to all documents, you do not need to house paper copies |
| **GAIN CERTAINTY** | Immediate confirmation of service for your records. Documents are not delayed in the mail or blocked by email spam blockers and firewalls |

To take advantage of e-service, select an e-service provider and file the signed Stipulation with the Court. Parties can then e-serve documents through the selected provider. Information about e-service providers is available at the website for the Sonoma County Bar Association: http://www.sonomacountybar.org.  The Court does not endorse one provider over another.

**To learn more about available e-service providers and their fees, please visit their website**

***Note***: *Hard-copy pleadings are required to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and local rules. You do not need to provide a courtesy copy of a served document to the specific department in which the matter has been assigned.*

## DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the Discovery Facilitator Program.  Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5 and applicable provisions of the Code of Civil Procedure and California Rules of Court.  This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our civil law departments.  The Sonoma County Superior Court encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute whether or not a discovery motion is filed.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at http://www.sonoma.courts.ca.gov.  On the home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program.  You can then click on either "Local Rule 4.14" to obtain the language of the local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

**Pursuant to Local Rule 5.1.C**:

The moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of any motion filed. The responding party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all opposition papers. Finally, the moving party shall, on the date of filing, hand-deliver to the Assigned Judge a courtesy copy, which need not be file-endorsed, of all reply papers.

**Pursuant to Local Rule 5.1.C.1**:

If any matter scheduled on the law and motion calendar is resolved, dismissed, settled or becomes moot for any reason, the moving party shall immediately notify the judicial assistant for the Assigned Judge if the motion is to be dropped from the law and motion calendar. Said notification may be made by telephone, followed by a letter of confirmation.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Norman B. Blumenthal    (Bar # 68687)
Blumenthal Nordrehaug Bhowmik De Blouw LLP
2255 Calle Clara
La Jolla, CA 92037
TELEPHONE NO.: (858) 551-1223    FAX NO.: (858) 551-1232
ATTORNEY FOR *(Name):* Plaintiff Dawn Watters

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
STREET ADDRESS: 600 Administration Drive, Room 107J
MAILING ADDRESS: 600 Administration Drive, Room 107J
CITY AND ZIP CODE: Santa Rosa 95403
BRANCH NAME: Hall of Justice

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**2/24/2022 10:16 AM**
**Arlene D. Junior, Clerk of the Court**
**By: Melisa Kennedy, Deputy Clerk**

CASE NAME:
DAWN WATTERS v. MORGAN STANLEY SMITH BARNEY LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: SCV-270269 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary    b.[X] nonmonetary; declaratory or injunctive relief    c.[ ] punitive
4. Number of causes of action *(specify):* EIGHT (8)
5. This case [X] is [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 24, 2022
Nicholas J. De Blouw
(TYPE OR PRINT NAME)

▶ /s/ Nicholas De Blouw
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**
                                                                                    *LexisNexis® Automated California Judicial Council Forms*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| **ADR INFORMATION SHEET**<br>**[Sonoma County Superior Court Rules, Rule 16]** | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:

"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

**The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)**

| | | | |
|---|---|---|---|
| ☐ | Mediation | ☐ | Early Neutral Evaluation |
| ☐ | Non-binding Private Arbitration | ☐ | Binding Private Arbitration |
| ☐ | Voluntary Settlement Conference | ☐ | Summary Jury Trial |
| ☐ | Other _____ | ☐ | Judicial Arbitration |

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____

_____
Signature of Party

Date: _____

_____
Signature of Party

Date: _____

_____
Signature of Attorney for Party
☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**



**Superior Court of California**
**County of Sonoma**

Bradford J. DeMeo
Presiding Judge

ACCESS, SERVICE, JUSTICE

Arlene D. Junior
Court Executive Officer

## NOTICE OF NONAVAILABILITY OF COURT REPORTERS
**Monday, November 15, 2021**

**Temporary Policy Regarding Non-Availability of Official Court Reporting Services in Civil Departments Sonoma Superior Court.** Pursuant to California Rule of Court 2.956 (b)(1), and effective immediately, the Superior Court of California, County of Sonoma, will post the Departments in which the services of Official Court Reporters will not normally be available during regular Court hours. A notice shall be posted on the outside of each affected Department and in the Clerk's Office, Room 107, Empire Annex, and Civil and Family Courthouse. The Court's Official Court Reporters are "not available" within the meaning of California Rules of Court, Rule 2.956, for court reporting of civil cases. As provided in Rule 2.956(e)(1), the term "civil cases" includes all matters other than criminal and juvenile matters. This nonavailability extends to all civil cases hearings or proceedings of any kind or nature, including but not limited to law and motion hearings, ex parte applications, long-cause hearings, and trials. Effective November 16, 2021, the departments which normally hear civil cases are Departments 16, 17, 18, 19 and 23 for LPS matters and guardianship matters. As provided in Rule 2.956(c), parties may arrange for the presence of a certified shorthand reporter to serve as an official pro tempore reporter. It is the party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs, as provided by law. If a party arranges and pays for the attendance of the certified shorthand reporter, none of the parties will be charged the reporter's attendance fee provided for in Government Code section 68086, subdivisions (a)(1) or (b)(1). The stenographic notes of the certified shorthand reporter are the official records of the court and shall be secured by the court in either paper and/or electronic format in accordance with Government Code section 69955(a), (b), (c) and (d). In all cases, the plaintiff shall serve "Notice of "Non-Availability of Official Court Reporting Services in Civil Departments" ("Notice") with the complaint. Likewise, the cross-complainant must serve the Notice on any new parties to the action. The service information must be included on the Proof of Service of Summons. In addition, parties that file motions must serve the Notice on all parties in the case. The service information must be included on the Proof of Services by Mail. **(Eff. 11/16/2021)**

# EXHIBIT B

1   ANDREW R. LIVINGSTON (SBN 148646)
    alivingston@orrick.com
2   RACHEL CAPLER (SBN 307582)
    rcapler@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA  94105-2669
5   Telephone:     +1 415 773 5700
    Facsimile:     +1 415 773 5759
6
    Attorneys for Defendant
7   MORGAN STANLEY SMITH BARNEY LLC

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**5/16/2022 1:44 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Griselda Zavala, Deputy Clerk**

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SONOMA

10

11

12   DAWN WATTERS an individual, on behalf of       Case No. SCV-270269
     herself and on behalf of all persons similarly
13   situated,                                      **DEFENDANT MORGAN STANLEY**
                                                    **SMITH BARNEY LLC'S ANSWER**
14                  Plaintiff,

15          v.

16   MORGAN STANLEY SMITH BARNEY
     LLC, a Limited Liability Company; and DOES
17   1 through 50, inclusive,

18                  Defendants.

19

20

21

22

23

24

25

26

27

28

4138-3902-2904.1

1        Defendant MORGAN STANLEY SMITH BARNEY LLC ("MSSB") hereby responds to

2 the Complaint filed by Plaintiff Dawn Watters ("Plaintiff") as follows:

3 **GENERAL DENIAL**

4        MSSB files this general denial pursuant to California Code of Civil Procedure section

5 431.30(d) and generally denies each and every material allegation of the unverified Complaint.

6 MSSB denies that it engaged in any of the unlawful conduct alleged in the Complaint and further

7 denies that Plaintiff or the putative class has been damaged in the manner or amount alleged, or in

8 any manner or amount.

9 **AFFIRMATIVE DEFENSES**

10        Without conceding that it bears the burden of proof or persuasion as to any of them,

11 MSSB asserts the following separate defenses to the allegations set forth in the Complaint:

12 **FIRST AFFIRMATIVE DEFENSE**

13 **(Arbitration)**

14        1.     As a separate defense to the Complaint and each cause of action therein, MSSB

15 asserts that Plaintiff and/or the putative class members agreed to resolve any disputes with MSSB

16 through arbitration, and pursuant to the arbitration agreement(s), Plaintiff's claims and the claims

17 of other putative class members must proceed on an individual basis through arbitration and not

18 on a class, collective, or representative basis.

19 **SECOND AFFIRMATIVE DEFENSE**

20 **(Failure to State a Claim)**

21        2.     As a separate defense to the Complaint and to each cause of action therein, MSSB

22 alleges that Plaintiff fails to state a claim upon which relief may be granted.

23 **THIRD AFFIRMATIVE DEFENSE**

24 **(Unclean Hands)**

25        3.     As a separate defense to the Complaint and each cause of action therein, MSSB

26 alleges that recovery by Plaintiff and/or the putative class members is barred in whole or in part

27 by their own unclean hands and by the doctrine of *in pari delicto*.

28 //

## FOURTH AFFIRMATIVE DEFENSE

### (Causation)

4.      As a separate defense to the Complaint and to each cause of action therein, MSSB alleges that no conduct by or attributable to it was the cause in fact or legal cause of the damages, if any, suffered by Plaintiff and the putative class members.

## FIFTH AFFIRMATIVE DEFENSE

### (Own Conduct)

5.      As a separate defense to the Complaint and to each cause of action therein, MSSB alleges that, should it be determined that Plaintiff or the putative class members have been damaged, said damages were proximately caused by their own conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Use Ordinary Care or Follow Directions)

6.      As a separate defense to the Complaint and each cause of action therein, MSSB alleges that Plaintiff and the putative class members failed to comply with California Labor Code sections 2854, 2856, 2858 and 2859, respectively, to the extent that Plaintiff and the putative class members that she seeks to represent failed to use ordinary care and diligence in the performance of their duties, failed to substantially comply with the reasonable directions of their alleged employer, and failed to exercise a reasonable degree of skill in performing their job duties.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.      As a separate defense to the Complaint and each cause of action therein, MSSB alleges that the claims of Plaintiff and the putative class members are barred by the applicable statute(s) of limitations, including but not limited to California Code of Civil Procedure sections 338, 340(a) and 340(b) and California Bus. & Prof. Code section 17208.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      As a separate defense to the Complaint and each cause of action therein, MSSB alleges that Plaintiff and the putative class members unreasonably delayed bringing this action to

1  the prejudice of MSSB, and therefore the Complaint and each cause of action therein is barred by

2  the doctrine of laches.

3  ### NINTH AFFIRMATIVE DEFENSE

4  **(Failure to Mitigate)**

5  9.      As a separate defense to the Complaint and each cause of action therein, MSSB

6  alleges that recovery in this action by Plaintiff and the putative class members is barred in whole

7  or in part by their failure to exercise reasonable care and diligence to mitigate any damages

8  allegedly accruing to them.

9  ### TENTH AFFIRMATIVE DEFENSE

10  **(Estoppel)**

11  10.     As a separate defense to the Complaint and to each cause of action therein, MSSB

12  alleges that Plaintiff and the putative class members, by their acts or omissions, are estopped from

13  asserting any claims upon which they now seek relief.

14  ### ELEVENTH AFFIRMATIVE DEFENSE

15  **(No Equitable Relief)**

16  11.     As a separate defense to the Complaint and each cause of action therein, MSSB

17  alleges that Plaintiff and the putative class members are not entitled to equitable relief because the

18  Complaint fails to allege facts sufficient to justify equitable relief and/or they have failed to avail

19  themselves of or exhaust plain, adequate, or complete remedies of laws available to them under

20  the provisions of applicable state or federal law.

21  ### TWELFTH AFFIRMATIVE DEFENSE

22  **(Good Faith)**

23  12.     As a separate defense to the Complaint and each cause of action therein, MSSB

24  alleges that it acted in good faith and had reasonable grounds for believing its actions did not

25  violate the Labor Code, but, if such conduct is found to have occurred, it is the result of a good

26  faith dispute over wages due and the timing of wages due.

27  //

28  //

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2

#### (No Willful Conduct)

3      13.     As a separate defense to the Complaint and each cause of action therein, MSSB

4  denies the allegations contained therein, but, if such conduct is found to have occurred, MSSB's

5  actions were not willful, including any alleged failure to pay wages due at termination.

6

### FOURTEENTH AFFIRMATIVE DEFENSE

7

#### (No Standing)

8      14.     As a separate defense to the Complaint and to each cause of action therein, MSSB

9  alleges that Plaintiff and the putative class members lack standing.

10

### FIFTEENTH AFFIRMATIVE DEFENSE

11

#### (Waiver)

12      15.     As a separate defense to the Complaint and to each cause of action therein, MSSB

13  alleges that Plaintiff and the putative class members waived any right to any of the claims upon

14  which they now seek relief.

15

### SIXTEENTH AFFIRMATIVE DEFENSE

16

#### (Payment, Setoff, Accord and Satisfaction)

17      16.     As a separate defense to the Complaint and each cause of action therein, MSSB

18  alleges that the claims of Plaintiff and the putative class members are barred by payment, setoff,

19  and/or accord and satisfaction.

20

### SEVENTEENTH AFFIRMATIVE DEFENSE

21

#### (Comparative Fault)

22      17.     As a separate defense to the Complaint and to each cause of action therein, MSSB

23  alleges that any recovery by Plaintiff and the putative class members is barred or must be reduced

24  as a result of comparative fault.

25

### EIGHTEENTH AFFIRMATIVE DEFENSE

26

#### (Failure to Collect)

27      18.     As a separate defense to the Complaint and each cause of action therein, MSSB

28  alleges that the claims for waiting time penalties are barred because Plaintiff and the putative

1    class members failed to return to the office in which they worked for payment of wages as

2    required by the Labor Code, including but not limited to Section 208.

3                    **NINETEENTH AFFIRMATIVE DEFENSE**

4                         **(Settlement and Release)**

5           19.    As a separate defense to the Complaint and each cause of action therein, MSSB

6    alleges that the claims of Plaintiff and the putative class members are barred by the doctrine of

7    settlement and release.

8                    **TWENTIETH AFFIRMATIVE DEFENSE**

9                        **(Consent and Ratification)**

10          20.    As a separate defense to the Complaint and each cause of action therein, MSSB

11   alleges that Plaintiff and the putative class members approved, consented to and/or ratified some

12   or all of the actions now complained of.

13                  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

14                      **(Class Action Requirements)**

15          21.    As a separate defense to the Complaint and each cause of action therein, MSSB

16   alleges that Plaintiff cannot satisfy the requirements for a class action.

17                 **TWENTY-SECOND AFFIRMATIVE DEFENSE**

18                            **(Due Process)**

19          22.    As a separate defense to the Complaint and to each cause of action therein, use of a

20   class action mechanism would be unconstitutional under the United States Constitution and the

21   California Constitution and violative of MSSB's due process, including but not limited to because

22   MSSB retains the right to assert the exemption defense as to every potential class member.

23                  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

24                         **(Conflict of Interest)**

25          23.    As a separate defense to the Complaint and to each cause of action therein, MSSB

26   alleges that Plaintiff's interests are in conflict with the interests of the putative class members.

27   //

28   //

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Constitutionality of Penalties)

3      24.     As a separate defense to the Complaint and to each cause of action therein, MSSB

4   alleges that Plaintiff and the putative class members are not entitled to recover penalties because,

5   under the facts and circumstances of this case, any such recovery would be excessive, unjust,

6   arbitrary, oppressive, confiscatory and/or unconstitutional.

7

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

8

### (Res Judicata)

9      25.     As a separate defense to the Complaint and each cause of action therein, the

10   Complaint is barred by the doctrines of *res judicata* and/or collateral estoppel.

11

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

12

### (Failure to Comply with Statutory Requirements)

13      26.     As a separate defense to the Complaint and each cause of action therein, MSSB

14   alleges that Plaintiff's purported representative claims under the California Business &

15   Professions Code section 17200 et seq. are barred by the provisions of California Business &

16   Professions Code sections 17203 and 17204.

17

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

18

### (Unjust Enrichment)

19      27.     As a separate defense to the Complaint and to each cause of action therein, MSSB

20   alleges that Plaintiff and the putative class members are not entitled to any recovery because it

21   would result in unjust enrichment.

22

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23

### (No Compensatory Damages)

24      28.     As a separate defense to the Complaint and to each cause of action therein, MSSB

25   alleges that Plaintiff and the putative class members fail to state facts sufficient to support an

26   award of compensatory or any other damages against MSSB.

27   //

28   //

1

## TWENTY-NINTH AFFIRMATIVE DEFENSE

2

### (Timely Demand For Wages Payable)

3      29.      As a separate defense to the Complaint and to each cause of action therein, MSSB

4  alleges that Plaintiff and the putative class members failed to timely make a demand in writing for

5  wages due and payable.

6

## THIRTIETH AFFIRMATIVE DEFENSE

7

### (Unknown Defenses)

8      30.      MSSB has insufficient knowledge or information on which to form a belief as to

9  whether it has any additional, as yet unstated, defenses available.  MSSB reserves the right to

10  assert additional defenses in the event discovery indicates that to do so would be appropriate.

11

## PRAYER FOR RELIEF

12      WHEREFORE, MSSB prays for relief as follows:

13      1.      That the Complaint be dismissed with prejudice and Plaintiff take nothing thereby;

14      2.      That judgment be entered in favor of MSSB on all claims;

15      3.      For MSSB's cost of suit herein, including reasonable attorneys' fees; and

16      4.      For such other and further relief as the Court deems just.

17

18  Dated: May 16, 2022                         ANDREW R. LIVINGSTON
                                              RACHEL CAPLER
19                                            Orrick, Herrington & Sutcliffe LLP

20

21                                            By: _____
                                                    ANDREW R. LIVINGSTON
22                                                   Attorneys for Defendant
                                              MORGAN STANLEY SMITH BARNEY LLC
23

24

25

26

27

28

1

**PROOF OF SERVICE**

2      I am over the age of eighteen years and not a party to the within action.  My business

3  address is Orrick, Herrington & Sutcliffe LLP, 405 Howard Street, San Francisco, California

4  94105.  On May 16, 2022, I served the following document(s) listed below as follows:

5      **1.  DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT; and**

6      **2.  PROOF OF SERVICE.**

7

8  By transmitting true and correct copies, via electronic mail in Adobe PDF format, to the

9  electronic address(es) set forth below.  My electronic service address is rcapler@orrick.com.

10          **Blumenthal Nordrehaug Bhowmik De Blouw LLP**
          **Norm Blumenthal**
          **norm@bamlawca.com**
11          **Kyle Nordrehaug**
          **kyle@bamlawca.com**
12          **AJ Bhomik**
          **aj@bamlawca.com**
13          **Nicholas De Blouw**
          **nick@bamlawca.com**
14          **Charlotte James**
          **charlotte@bamlawca.com**
15          **2255 Calle Clara**
          **San Diego, CA 92037**
16

17      I declare under penalty of perjury under the laws of the State of California that the

18  foregoing is true and correct.

19      Executed on May 16, 2022 at San Francisco, California.

20

21

22                                   Rachel Capler

23

24

25

26

27

28

# EXHIBIT C

1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

2    Norman B. Blumenthal (State Bar #068687)
     Kyle R. Nordrehaug (State Bar #205975)

3    Aparajit Bhowmik (State Bar #248066)
     Piya Mukherjee (State Bar #274217)

4    Charlotte E. James (State Bar #308441)

5    2255 Calle Clara
     La Jolla, CA 92037

6    T: (858)551-1223; F: (858) 551-1232

7    Attorneys for Plaintiff

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                   **IN AND FOR THE COUNTY OF SONOMA**

10

11   DAWN WATTERS, an individual, on behalf of          Case No. SCV-270269
     herself and on behalf of all persons similarly

12   situated,                                          **PLAINTIFF'S REQUEST FOR**
                                                        **DISMISSAL OF CLASS ACTION,**
13                     Plaintiff,                       **WITHOUT PREJUDICE**

14   vs.

15
     MORGAN STANLEY SMITH BARNEY LLC                    Judge:  Hon. Patrick Broderick
16   a Limited Liability Company; and DOES 1            Dept.:  17
     through 50, inclusive,
17                                                      Action Filed:  February 24, 2022
                       Defendants.
18

19

20

21

22

23

24

25

26

27

28

1     Plaintiff DAWN WATTERS ("Plaintiff") by and through her counsel, hereby respectfully

2  requests that the Court dismiss Plaintiff's putative class action lawsuit, without prejudice. Each

3  side is to bear their own respective fees and costs.

4     The Declaration of Charlotte James ("James Dec.") pursuant to CRC 3.770 regarding the

5  dismissal of the Action without prejudice is filed concurrently herewith.

6

7  Dated: May 16, 2022                    BLUMENTHAL NORDREHAUG
                                          BHOWMIK DE BLOUW LLP
8
                                          By: */s/ Charlotte James*
9                                             Piya Mukherjee
                                              Charlotte James
10                                            Attorneys for Plaintiff
                                              DAWN WATTERS
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    - 2 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Piya Mukherjee (State Bar #274217)
  Charlotte E. James (State Bar #308441)
2255 Calle Clara
La Jolla, CA 92037
T: (858)551-1223; F: (858) 551-1232

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SONOMA

DAWN WATTERS, an individual, on behalf of
herself and on behalf of all persons similarly
situated,

                    Plaintiff,

vs.

MORGAN STANLEY SMITH BARNEY LLC a
Limited Liability Company; and DOES 1 through
50, inclusive,

                    Defendants.

Case No.  SCV-270269

**DECLARATION OF CHARLOTTE E.
JAMES IN SUPPORT OF PLAINTIFF'S
REQUEST FOR DISMISSAL OF ACTION
WITHOUT PREJUDICE PURSUANT TO
CRC 3.770**

Judge:  Hon. Patrick Broderick
Dept.:  17

Date Filed:     February 24, 2022

1    I, CHARLOTTE E. JAMES, hereby declare,

2        1.      I am an attorney at the law firm of Blumenthal Nordrehaug Bhowmik De Blouw LLP.

3    I am licensed to practice law in the State of California and am counsel of record for Plaintiff Dawn Waters

4    ("Plaintiff") in this action. I have personal knowledge of the matters set forth below and could competently

5    testify thereto if called and sworn as a witness.

6        2.      Plaintiff submits this declaration pursuant to rule 3.770 of the California Rules of Court in

7    connection with the concurrently filed Request for Dismissal of Action, Without Prejudice.

8        3.      Plaintiff requests that this Court dismiss the Action, including all putative class allegations,

9    without prejudice.

10       4.      Plaintiff commenced this action on February 24, 2022.   In her Complaint against

11   Defendant, Plaintiff asserts claims on behalf of herself and a putative class for Violations of the Unfair

12   Competition Law, Failure to Pay Minimum Wages, Failure to Pay Overtime Wages, Failure to Provide

13   Required Meal Periods, Failure to Provide Required Rest Periods, Failure to Provide Accurate Itemized

14   Wage Statements, Failure to Reimburse Employees for Required Expenses, Failure to Provide Wages

15   When Due.

16       5.      Subsequent to Plaintiff's filing the action, the Parties engaged in discussions and informal

17   discovery.   As part of these discussions, Plaintiff became aware that Plaintiff signed an arbitration

18   agreement that includes a class action waiver.

19       6.      Given that there is an arbitration agreement that includes a class action waiver, Plaintiff

20   has agreed to dismiss this Action, including all class claims, without prejudice.

21       7.      The Court has not ruled on a motion for class certification and no mailing, including a

22   *Belaire-West* notice, was made to the putative class members. The putative class members were not

23   provided with formal or informal notice of the existence of this action.   Therefore, dismissal of the class

24   action, without prejudice, will not result in prejudice to any of the putative class members. Accordingly,

25   pursuant to rule 3.770(c) of the California Rules of Court, Plaintiff's class action may be dismissed without

26   prejudice and without notice to the putative class members.

27       8.      No consideration, direct or indirect, has been provided to Plaintiff for the dismissal of the

28   Action, including all class allegations, without prejudice.

1         I declare under penalty of perjury under the laws of California that the foregoing is true and

2    correct.

3         Executed on May 16, 2022 at La Jolla, California.

4

5    _____

6              Charlotte E. James

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF CHARLOTTE E. JAMES

**EFS-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 308441 | FOR COURT USE ONLY |
|---|---|---|
| NAME:  Charlotte E. James, Esq. | | |
| FIRM NAME: Blumenthal Nordrehaug Bhowmik De Blouw LLP | | |
| STREET ADDRESS: 2255 Calle Clara | | |
| CITY: La Jolla     STATE: CA     ZIP CODE: 92037 | | |
| TELEPHONE NO.: 858-551-1223     FAX NO.: 858-551-1232 | | |
| E-MAIL ADDRESS: Charlotte@Bamlawca.com | | |
| ATTORNEY FOR (name): Plaintiff Dawn Watters | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SONOMA | |
|---|---|
| STREET ADDRESS: 600 Administration Drive | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Santa Rosa CA 95403 | |
| BRANCH NAME: | |

| PLAINTIFF/PETITIONER: DAWN WATTERS | CASE NUMBER: SCV-270269 |
|---|---|
| DEFENDANT/RESPONDENT: MORGAN STANLEY SMITH BARNEY | JUDICIAL OFFICER: Hon. Patrick Broderick |
| OTHER: | |
| **PROPOSED ORDER (COVER SHEET)** | DEPT: 17 |

---

**NOTE:**  This cover sheet is to be used to electronically file and submit to the court a proposed order. The proposed order sent electronically to the court must be in PDF format and must be attached to this cover sheet. In addition, a version of the proposed order in an editable word-processing format must be sent to the court at the same time as this cover sheet and the attached proposed order in PDF format are filed.

---

1. Name of the party submitting the proposed order:

   Plaintiff Dawn Watters

2. Title of the proposed order:

   [Proposed] Order on Plaintiff's Request for Dismissal of Class Action without Prejudice

3. The proceeding to which the proposed order relates is:

   a.  Description of proceeding: None

   b.  Date and time: None

   c.  Place:

4. The proposed order was served on the other parties in the case.

Charlotte E. James
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

**EFS-020**

| CASE NAME:<br>Watters v. Morgan Stanley Smith Barney | CASE NUMBER:<br>SCV-270269 |
|---|---|

## PROOF OF ELECTRONIC SERVICE
### *PROPOSED ORDER*

1. I am at least 18 years old and **not a party to this action.**

   a. My residence or business address is *(specify):*

   2255 Calle Clara, La Jolla, CA  92037

   b. My electronic service address is *(specify):* Karla@Bamlawca.com

2. I electronically served the *Proposed Order (Cover Sheet)* with a proposed order in PDF format attached, and a proposed order in an editable word-processing format as follows:

   a. On *(name of person served) (If the person served is an attorney, the party or parties represented should also be stated.):*
   Andrew Livingston, Esq.
   ORRICK
   405 Howard Street, San Francisco, CA  94105

   b. To *(electronic service address of person served):*   ALivingston@Orrick.com

   c. On *(date):*  05/16/2022

   ☐ Electronic service of the *Proposed Order (Cover Sheet)* with the attached proposed order in PDF format and service of the proposed order in an editable word-processing format on additional persons are described in an attachment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 05/16/2022

Karla Horne
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

**PROOF ORDER (COVER SHEET)**
**PROPOSED ORDER (COVER SHEET)**
**(Electronic Filing)**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
  Piya Mukherjee (State Bar #274217)
  Charlotte E. James (State Bar #308441)
2255 Calle Clara
La Jolla, CA 92037
T: (858)551-1223; F: (858) 551-1232

Attorneys for Plaintiff

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SONOMA

DAWN WATTERS, an individual, on behalf of
herself and on behalf of all persons similarly
situated,

                    Plaintiff,

vs.

MORGAN STANLEY SMITH BARNEY LLC
a Limited Liability Company; and DOES 1
through 50, inclusive,

                    Defendants.

Case No. SCV-270269

**[PROPOSED] ORDER ON
PLAINTIFF'S REQUEST FOR
DISMISSAL OF CLASS ACTION,
WITHOUT PREJUDICE**

 Judge:  Hon. Patrick Broderick
 Dept.:  17

 Action Filed:  February 24, 2022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] ORDER**

The Court, having considered Plaintiff DAWN WATTERS' ("Plaintiff") Request for Dismissal, the supporting declaration of Charlotte James, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiff's Action, including all putative class allegations, are hereby dismissed without prejudice. Each side is to bear their own respective fees and costs.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Patrick Broderick
Judge of the Superior Court
County of Sonoma

[PROPOSED] ORDER RE PLAINTIFF'S REQUEST FOR DISMISSAL